IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:05-416-HMH |
| vs. | ) | |
| | ) | |
| Ramona Obera Tucker, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Ramona Obera Tucker's ("Tucker") motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Tucker's § 2255 motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 18, 2005, Tucker pled guilty to one count of bank fraud. James B. Loggins ("Loggins") represented Tucker at plea and sentencing. On January 18, 2006, Tucker was sentenced to 144 months' imprisonment. Tucker appealed her conviction and sentence. The Fourth Circuit vacated and remanded the case for resentencing on January 16, 2007. United States v. Tucker, 473 F.3d 556 (4th Cir. 2007). On May 1, 2007, Tucker was resentenced to 72 months' imprisonment. Tucker appealed her 72-month sentence and the Fourth Circuit affirmed the court's decision on April 23, 2008. United States v. Tucker, No. 07-4679, 2008 WL 1816407, at *2 (4th Cir. Apr. 23, 2008). Tucker filed the instant § 2255 motion on November 19, 2008.[1]

In her § 2255 motion, Tucker alleges that Loggins was constitutionally ineffective for (1) failing to properly advise Tucker of the full consequences of pleading guilty and waiving her

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

right to a jury trial and (2) failing "to conduct even a routine investigation to confirm the information given him, not only by Tucker, but through discovery documents." (Tucker's § 2255 Mot. at 5.) In addition, Tucker alleges that her "conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant." (Id. 5.) The court will address each of Tucker's alleged grounds for relief below.

## II. DISCUSSION OF THE LAW

### A. Ineffective Assistance of Counsel Claims

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Tucker must demonstrate that her counsel's performance fell below an objective standard of reasonableness, and that she was prejudiced by her counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Tucker must demonstrate a "reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### 1. Failure to Advise of Consequences of Pleading Guilty

Tucker alleges that Loggins never "advised [her] of the possibility of such a drastic upward departure" from her guideline range of 24 to 30 months' imprisonment to 144 months' imprisonment. (Tucker's § 2255 Mot., Ground One.) This claim is wholly without merit. First, based on her own admission, Tucker was aware that the court could sentence her above the guideline range. Further, Tucker's sentence of 144 months' imprisonment was vacated and she

was resentenced to 72 months' imprisonment. Moreover, at her guilty plea hearing, the court asked Tucker, "Has anyone, including your attorney, promised you what your sentence would be?" Tucker responded, "No, sir." (Guilty Plea Tr. 14.) In addition, the court informed Tucker that "the Court may sentence you to a term of imprisonment either greater or lesser than that called for by the guidelines." (Id. 15-16.) Tucker indicated that she understood. (Id. 15-16.) Based on the foregoing, Tucker has failed to show that Loggins was constitutionally ineffective or that she has been prejudiced in any way.

### 2. Lack of Investigation Claim

With respect to Tucker's allegations that Loggins was ineffective for failing to investigate the case, this claim is without merit. Tucker pled guilty. "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citations omitted). "Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects . . . including the right to contest the factual merits of the charges." Id. (internal quotation marks and citations omitted).

In addition, Tucker fails to explain how she has been prejudiced by Loggins' alleged failures with respect to the preparation of the case. "[I]f the ineffectiveness alleged was a failure to investigate thoroughly, which in turn caused the defendant to plead guilty, the defendant must show a likelihood that some evidence would have been discovered which would have caused the attorney to change his recommendation to enter into a plea . . . ." United States v. Kauffman, 109 F.3d 186, 191 (3d Cir. 1997).

In her motion, Tucker alleges that her attorney never investigated or brought to the court's attention that she had entered into an agreement with the company to repay the money that she stole; an independent audit of the company did not reveal any discrepancies or inconsistencies; the company's chief financial officer reviewed all financial transactions; the company submitted a summary sheet of financial losses, which Tucker alleges was never confirmed for accuracy; and several checks that she allegedly wrote against the company were cancelled. (Tucker's § 2255 Mot., generally.) None of these alleged errors would have caused Tucker to insist on a jury trial in light of the overwhelming evidence against her. Moreover, during the guilty plea colloquy, Tucker stated that she had enough time to discuss her case with Loggins and that she was satisfied with Loggins' representation. (Guilty Plea Tr. 7.)

In addition, Tucker generally alleges that Loggins was constitutionally ineffective for advising her not to say anything at sentencing. Tucker did not address the court at her first sentencing. However, Tucker did address the court at resentencing. (Resentencing Tr. 11-13.) Tucker apologized to the court and her family. These conclusory allegations fail to show that Loggins acted in an objectively unreasonable manner with respect to his decisions concerning her case. As such, these claims are without merit and warrant no further consideration.

### B. Withholding of "Favorable" Evidence

Tucker alleges that her conviction was unconstitutional because the Government through the Assistant United States Attorney withheld "favorable" evidence from her. (Tucker's § 2255 Mot. at 5.) The evidence she alleges that was withheld is set forth in the previous section. "In Brady v. Maryland, the Supreme Court ruled that the prosecution's failure to disclose evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Moseley v. Branker, 545 F.3d 265, 271 (4th Cir. 2008) (internal quotation marks omitted). "In order to prevail on a Brady claim, the accused must prove (1) that the undisclosed evidence was favorable to h[er], either because it was exculpatory or had impeaching value; (2) that the [Government] had the materials and failed to disclose them, either willfully or inadvertently; and (3) that the evidence was material to the defense, i.e., prejudice must have ensued." Id. (internal quotation marks omitted). There is no basis for Tucker's allegation that the Government withheld any evidence. In fact, it appears that the alleged favorable evidence was gleaned from discovery documents that were obtained from the Government or information that she provided to Loggins. Based on the foregoing, this conclusory claim warrants no further consideration.

It is therefore

**ORDERED** that Tucker's § 2255 motion, docket number 68, is summarily dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 2, 2008

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that she has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.